Per Curiam.

Petitioners, members of the Authors’ Guild of the Authors’ League of America, Inc., have obtained an order requiring the Guild to furnish petitioners the names and addresses of all members of the Guild. Petitioners sought the list for the purpose of communicating with the membership *55 concerning Guild affairs, particularly in reference to certain action which petitioners wished taken. While the argument on appeal and the excellent opinion of Special Term (188 Misc. 45) deal mainly with the authority of the court to grant the order and the propriety of the order under the circumstances, we have concluded that the order should he reversed on the basis of a by-law of the Guild providing that the list of members shall not be furnished to any person without authorization of the Guild Council.
Appellants contend that the by-law represents a long-standing policy of the Guild and desire of the members. We are not concerned with the wisdom of such policy and are not called upon to say whether it should be judicially honored if it were only inchoate. As expressed and formalized in a by-law, however, it cannot be disregarded. We see nothing illegal or contrary to public policy in an association of this kind having a rule against disclosing its membership list. Therefore, petitioners should seek an amendment of the by-law or a constitutional change by the membership instead of asking the court to override the by-law.
The by-law permits circularization of the members on Guild affairs by requiring the secretary to distribute such material on behalf of any group of not less than fifty members. While the freedom and adequacy of such communication are questioned, the by-law does not foreclose communication and with the machinery for amendment at least provides a sufficient means for procuring an expression of the will of the members as to making membership lists available. The remedy within the association should be exhausted before remedy in the courts is sought.
The order, so far as appealed from, should be reversed, with $20 costs and disbursements to the appellants and the motion for an order directing defendants to afford the petitioners an opportunity to inspect and make copies of the membership list containing the names and addresses of the members of the Authors’ Guild of the Authors’ League of America, Inc., denied.
Martin, P. J., Dore and Peck, JJ. concur; Glennon and Callahan, JJ., dissent and vote to affirm.
Order, so far as appealed from, reversed, with $20 costs and disbursements to the appellants and the motion denied. Settle order on notice.